**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ISAAC JOSHUA SALAS,

    Defendant - Appellant.

No. 17-2098
(D.C. No. 5:16-CR-01555-WJ-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **EBEL**, Circuit Judges.
_____

    Isaac Salas pled guilty to possessing a destructive device in violation of 26

U.S.C. §§ 5841, 5845(a)(8), 5861(d), and 5871.  He was sentenced to 41 months in

prison based in part on the district court's determination that his crime involved eight

firearms, including two silencers, resulting in a four-level sentence enhancement

under United States Sentencing Guideline ("U.S.S.G." or "Guideline")

§ 2K2.1(b)(1)(B).  Mr. Salas challenges his sentence on appeal, arguing the

Government must prove that he knew two items in his possession were firearm

silencers, and that it failed to do so.

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm Mr. Salas's sentence. The district court found that Mr. Salas intended to use the devices as firearm silencers and therefore necessarily knew they were silencers. Reviewing this determination for clear error, we find the record supports it.

## I. BACKGROUND

Police in Roswell, New Mexico were investigating a stolen firearm. On November 12, 2015, they obtained a search warrant for Mr. Salas's mother's house. During the execution of the warrant, they determined that an outbuilding at the back of the house was Mr. Salas's bedroom. In the outbuilding, they found:

- Multiple firearms

- Ammunition

- A combination of items that could be used to assemble four explosive mines and two explosive bombs

- Three suspected firearm silencers

- Multiple books and manuals, including:

  o The Poor Man's James Bond

  o Build Your Own AR-15 Rifle

  o The Poor Man's Improvised Munitions Handbook

  o The Ultimate SKS Silencer Plans

Mr. Salas was charged with, and pled guilty to, one count of Possession of an Unregistered Firearm-Destructive Device, in violation of 26 U.S.C. §§ 5841, 5845(a)(8), 5861(d), and 5871. Under U.S.S.G. § 2K2.1(a)(5), the base offense level

was 18, which could be enhanced by four levels under § 2K2.1(b)(1)(B) if the offense involved between 8 and 24 firearms. The probation officer who prepared the Presentence Investigation Report ("PSR") determined that Mr. Salas had nine firearms—three unregistered silencers and six destructive devices. The PSR therefore recommended a four-level increase and, after other adjustments, arrived at a total offense level of 21. With Mr. Salas's criminal history category II, the PSR calculated a Guidelines range of 41 to 51 months in prison.

Mr. Salas objected to the four-level increase. He argued his possession of the silencers and combination of parts to assemble four explosive mines was not unlawful. He said that one of the items was "an oil filter that [he] used as a solvent trap," not a silencer, ROA, Vol. I at 21, and that the other two alleged silencers were "fake silencers" intended for air rifles, not firearms, *id.* at 22. Even if there were three real silencers, he did not possess them unlawfully because he did not know they were silencers. He contended that, for unlawful possession of an unregistered firearm, the Guidelines require that "the defendant knew of the features of the firearm" that make it unlawful. *Id.* at 24.

The district court held a hearing on Mr. Salas's objections. It heard evidence about whether two suspected silencers were in fact "silencers" under 18 U.S.C. § 921(a)(24).[1] This statute defines a "firearm silencer" or "firearm muffler" as "any device for silencing, muffling, or diminishing the report of a portable firearm,

---

[1] The Government stated at the hearing that it was not counting the third item as a silencer for the purpose of the enhancement.

including any combination of parts . . . intended for use in assembling or fabricating a firearm silencer or firearm muffler."

Special Agent Dennis King with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), testified that the ATF sent the three suspected silencers taken from Mr. Salas's bedroom to the Firearms Technology Branch for testing. The two items in question contained expansion chambers and baffles, which reduce noise. ATF testing measured the decibels produced by a gun fired with and without these two items. One reduced the decibels by an average of 17.82 decibels, the other by an average of 14.55 decibels. ATF therefore determined these items were silencers under the statutory definition. Special Agent King also testified that one of the two devices contained traces of nitroglycerin, which is used in ammunition, showing that "an ammunition round has been fired through it." ROA, Vol. II at 53-54.

In a written order, the district court overruled Mr. Salas's objections to the four-level increase. It held "the United States has met its burden of establishing by a preponderance of evidence that two items . . . constitute silencers under 18 U.S.C. § 921(a)(24) and thus the two devices are 'firearms' for purposes of the enhancement under § 2K2.1(b)(1)." *United States v. Salas*, CR No. 16-01555 WJ, 2017 WL 3207804 at *5 (D.N.M. May 11, 2017). The court focused on the ATF test showing the two devices had reduced the sound emitted by firearms, which means they were silencers even if they "may have been manufactured for mock firearms or airguns." *Id.*

4

The court also found the Government had shown Mr. Salas possessed a combination of parts to construct "four directional explosive mines." *Id.* at *7. Discussing the explosive mines, the court said, "[v]iewing the totality of the evidence presented by the parties . . . the United States has shown by a preponderance of the evidence that [Mr. Salas's] intent in possessing the silencers and explosive mines was to use the items in an unlawful manner." *Id.* at *6. Mr. Salas did not challenge that he possessed two pipe bombs that constitute firearms under the statute.

The court therefore found Mr. Salas possessed the eight firearms necessary for the four-level enhancement under § 2K2.1(b)(1)(B). The court sentenced Mr. Salas to 41 months in prison. He now appeals the finding that he knew the two devices found in his bedroom were firearm silencers.

## II. DISCUSSION

On appeal, Mr. Salas does not contest his knowing possession of six destructive devices (the components for four explosive mines and the two pipe bombs), nor does he contest that two items found in his bedroom were silencers. He instead argues the Government must show that he knew the two items were silencers and that it failed to do so. We assume without deciding that, to impose the four-level enhancement, § 2K2.1(b)(1)(B) requires a showing that the defendant knew of the features of the firearms—in this instance, the alleged silencers—that made possession of them unlawful. Our review of the record leads us to conclude the district court did not clearly err in finding that Mr. Salas knowingly possessed two silencers. We therefore affirm his sentence.

5

## A. *Legal Background*

The district court sentenced Mr. Salas under § 2K2.1, which establishes a base level of 18 for an offense involving a firearm. U.S.S.G. § 2K2.1(a)(5). Section 2K2.1(b)(1)(B) instructs that four levels should be added to the base level of 18 if the offense involves 8 to 24 firearms as defined in 18 U.S.C. § 921(a)(3), which in turn incorporates the definition of "silencer" from § 921(a)(24). This latter provision describes a silencer as "any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts . . . intended for use in assembling or fabricating a firearm silencer or firearm muffler . . . ." 18 U.S.C. § 921(a)(24).

Application note five to § 2K2.1 ("Note Five") states:

> For purposes of calculating the number of firearms under subsection (b)(1), count only those firearms that were unlawfully sought to be obtained, unlawfully possessed, or unlawfully distributed, including any firearm that a defendant obtained or attempted to obtain by making a false statement to a licensed dealer.

U.S.S.G. § 2K2.1 application note 5.

It is unlawful to possess a silencer that is not registered in the National Firearms Registration and Transfer Record or that does not have a serial number. 26 U.S.C. §§ 5861(d), (i). Mr. Salas does not dispute that the alleged silencers found in his bedroom were not registered and did not have serial numbers.

## B. *Standard of Review*

"We review challenges to the imposition of guidelines enhancements for clear error as to findings of fact and de novo as to questions of law." *United States v. Madkins*, 866 F.3d 1136, 1143 (10th Cir. 2017).

6

## C. *Analysis*

On appeal, Mr. Salas does not dispute that the two items at issue "met the statutory definition of 'silencer.'" Aplt. Br. at 8. But he contends Note Five's "unlawful[] possess[ion]" language denotes a scienter requirement and that the Government did not prove knowledge because "there was no evidence presented that established . . . that Mr. Salas was aware of the features that brought the silencers within the statutory definition." *Id.* Assuming § 2K2.1 has a scienter requirement, we affirm because the district court found knowledge by a preponderance of the evidence.

### 1. **Scienter Finding**

Although the district court's order focused on the physical attributes of the silencers, it also found that Mr. Salas's "intent in possessing the silencers and explosive mines was to use the items in an unlawful manner." *Salas*, 2017 WL 3207804 at *6. Modern revisions to penal codes have "define[d] separately the mental states of knowledge and intent," but "[i]ntent has traditionally been defined to include knowledge," Wayne R. LaFave, Substantive Criminal Law § 5.2 (3d ed. Oct. 2017 update). The district court's finding that Mr. Salas intended to use the silencers in an unlawful manner satisfies any scienter requirement under § 2K2.1.

For Mr. Salas to intend to use the devices unlawfully, as the district court found, he must have been aware of their unlawful features—that they could actually silence real firearms. Mr. Salas ignores the district court's intent finding and insists

7

that the district court "necessarily concluded that . . . [a] scienter requirement d[oes] not apply to § 2K2.1(b)(1)." Aplt. Br. at 7.

2. **No Clear Error**

The district court's finding that Mr. Salas intended to use the silencers unlawfully and therefore knew the items were silencers was not clearly erroneous. The court had sufficient evidence to infer that Mr. Salas knew the items were silencers. First, a bullet had been fired through one of the silencers, undermining the claim that Mr. Salas thought it could be used only for airsoft guns. Second, although the devices were marketed as airsoft silencers, there is no evidence that Mr. Salas owned airsoft guns. Third, Mr. Salas had manuals about making silencers and other improvised devices, including one called The Ultimate SKS Silencer Plans. Fourth, the search of his bedroom yielded firearms, ammunition, and precursor materials for bombs and mines, suggesting that his possession of the silencer devices was not for benign purposes.

Mr. Salas presented a chart describing decibel levels to show that the silencers reduced the decibel output of firearms by a very small amount, suggesting he could not know they suppressed noise at all. But taking the evidence as a whole, the district court did not clearly err in finding by a preponderance of the evidence that Mr. Salas knowingly and unlawfully possessed the silencers.

### III.  **CONCLUSION**

For the foregoing reasons, we affirm Mr. Salas's sentence.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge